IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-180-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIERA NICOLE GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

On January 2, 2024, Tiera Nicole Gardner ("Gardner" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 143] and filed an exhibit in support [D.E. 143-1]. Gardner argues that the death of the father of her children and her grandmother's inability to care for her children due to her grandmother's health warrant release. See [D.E. 143] 4–5. On August 10, 2026, the United States responded in opposition [D.E. 164]. As explained below, the court denies Garner's motion for compassionate release.

I.

On June 9, 2021, with a written plea agreement, Gardner pleaded guilty to carjacking resulting in serious bodily injury and aiding and abetting. See [D.E. 76, 79]. On December 8, 2024, the court held Gardner's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 113] 1; [D.E. 112]; PSR [D.E. 104]. The court calculated Gardner's total offense level to be 33, her criminal history category to be I, and her advisory guideline range to be 135 to 168 months' imprisonment. See PSR ¶ 66; [D.E. 113] 1. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gardner to 168 months'

imprisonment. See [D.E. 112–13]. Gardner did not appeal.

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Burleigh, 145 F.4th 541, 547 (4th Cir. 2025), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Burleigh, 145 F.4th at 547; Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Reese, No. 25-6373, 2026 WL 2211212 (4th Cir. 2026) (per curiam) (unpublished) (citation omitted); United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the

government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

Gardner did not submit a motion for compassionate relief to the warden. [D.E. 143] 3. The government timely raised an exhaustion defense. [D.E. 164] 8; [D.E. 143] 3. Thus, the court denies Gardner's motion for failure to exhaust administrative remedies.

Alternatively, the court denies Gardner's motion on the merits. When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (cleaned up). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (cleaned up). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id.; see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302. Moreover, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists

several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. 1320. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Gardner seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist due to family circumstances. She states that "Terry Lanier, the father of my children has passed away. My children are now in the care of my grandmother [who] has multiple health issues that make her incapable of being the caregiver of my children." [D. E. 143] 5.

Four "family circumstances" might create an extraordinary or compelling reason. See U.S.S.G § 1B1.13(b)(3). The first concerns a "death or incapacitation of the caregiver of a defendant's minor child." Id. § 1B1.13(b)(3)(A). The next two concern the "incapacitation" of either the spouse, registered partner, or parent of the defendant where the defendant is the only available caregiver. See id. § 1B1.13(b)(3)(B)–(C). The fourth is a catch-all provision for "circumstances similar" to the enumerated provisions involving a relation "similar in kind to that

of an immediate family member" and where the "defendant is the only available caregiver." Id. § 1B1.13(b)(3)(D).

Gardner fails to show the "death or incapacitation of the caregiver of the defendant's minor child." Id. § 1B1.13(b)(3)(A). Terry Lanier was not the caregiver of Gardner's children and did not have custody of her children. See PSR ¶ 34. Rather, when the court sentenced Gardner, her children lived with Gardner's sister. See id. Thus, Lanier's death does not trigger extraordinary or compelling circumstances under the policy statement. See U.S.S.G. § 1.13(b)(3)(A).

As for Gardner's grandmother, Gardner claims that her "grandmother has multiple health issues that make her incapable of being the caregiver for my children." [D.E. 143] 5. Assuming that Gardner's grandmother is the caregiver of Gardner's children, Gardner must prove her grandmother's incapacitation. See U.S.S.G § 1B1.13(b)(3). Under the policy statement, proving incapacitation of a caregiver "require(s) severe impairment of an individual's ability to perform the essential requirements of caring for a minor child." United States v. Rosario-Cruzado, No. 24-6365, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025) (unpublished); see United States v. Blevins, No. 1:15-CR-3, 2026 WL 497306, at *1–2 (W.D. Va. Feb. 23, 2026) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene,

No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Although Gardner claims that her grandmother has multiple health issues that make her incapable of being the caregiver for her children, Gardner does not identify those "health issues" or provide any documentation or other evidence to support this claim. See [D.E. 164] 9. Unsupported claims of "health issues" do not equal incapacitation. See, e.g., Blevins 2026 WL 497306, at *2. Thus, Gardner has failed to show that her grandmother is incapacitated.

Alternatively, although Gardner's grandmother's alleged unidentified health issues are unfortunate, Gardner is not "the only available caregiver" for her children. See PSR ¶¶ 32–34. Gardner's mother, father, and sister all live in the area and could care for her children. See id.; Blevins, 2026 WL 497306, at *2; United States v. Taylor, No. 3:08-CR-326, 2026 WL 313469, at *7–8 (E.D. Va. Feb. 5, 2026) (unpublished); Clack, 2024 WL 4954305, at *5; United States v. Gross, No. 1:17-CR-37, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) (unpublished); United States v. Graff, No. 1:17-CR-20, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); United States v. Taylor, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024); Delavan, 2024 WL 2958956, at *4; United States v. Milchin, No. 17-284-1, 2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); United States v. Conrad, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished). Thus, reducing Gardner's sentence would not comport with U.S.S.G. § 1B1.13(b)(3)(C)–(D). See, e.g., Blevins 2026 WL 497306, at *2.

As for the "other reasons" policy statement, the court assumes without deciding that Gardner's grandmother's health issues and Lanier's death are extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, do not support reducing Gardner's sentence. See Burleigh, 145 F.4th at 549–53; Hargrove, 30 F.4th at 194–95,

198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Gardner is 35 years old and committed a serious crime. She is incarcerated for aiding and abetting a carjacking that resulted in a debilitating brain bleed, swelling of the brain, a broken orbital bone, and skull fractures of the 83-year-old victim. See PSR ¶¶ 1, 11–20. Gardner knew the victim, had been to his home on several occasions, and planned the robbery. See id. ¶¶ 17–19.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Gardner's horrifying criminal conduct and the need to punish Gardner for her appalling criminal behavior, to incapacitate Gardner, to promote respect for the law, to deter others, and to protect society from Gardner. The court also has considered Gardner's argument about her family circumstances. See [D.E. 143] 5. Having considered the entire record, the court denies Gardner's motions for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; Burleigh, 145 F.4th at 549–53; United States v. Moody, 115 F.4th 304, 314–16 (4th Cir. 2024); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 143].

SO ORDERED. This 31 day of August, 2026.

JAMES C. DEVER III
United States District Judge